MARILYN E. BEDNARSKI (SBN 105322)
KAYE, McLANE & BEDNARSKI, LLP
234 East Colorado Blvd. Suite 230
Pasadena, California 91101
Telephone: (626) 844-7660
Facsimile: (626) 844-7670
mbednarski@kmbllp.com

Attorneys for Defendant Grandberry

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LAMBERT GRANDBERRY,<br><br>Defendant. | NO. CR  10-262 -SVW<br><br>DEFENDANT'S MOTION  TO SUPPRESS EVIDENCE SEIZED IN THE SEARCH OF MR. GRANBERRY'S PERSON AND THE PREMISES AT 3418 ARLINGTON ON OR ABOUT JANUARY 25, 2010; DECLARATION OF COUNSEL<br><br>Date:       July 12, 2010<br>Time:      11:00 a.m. |

Defendant Lambert Grandberry hereby files his Motion seeking suppression of the evidence seized from and from the premises at 3418 Arlington on or about January 25, 2010, and the car, on or about January 25, 2010. This Motion is based upon the accompanying Memorandum of Points and Authorities, Declaration of counsel, Exhibits 1 and 2, all files and records in this case, and such additional evidence and argument as may be presented by the defense regarding this Motion.

/ /

/ /

/ /

/ /

1      This Motion is made pursuant to Federal Rule of Criminal Procedure

2 12(b)(3)(c), the Fourth Amendment to the United States Constitution,  and case

3 precedent.

4                            Respectfully submitted,

5

6                            KAYE, McLANE & BEDNARSKI, LLP

7

8 DATED: June 14, 2010           By_____/S/_____

9                              MARILYN E. BEDNARSKI
                             Attorneys for L. Grandberry

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### Introduction

This is a case involving local Los Angeles narcotics officers; this is not a DEA or other federal law enforcement agency case. As far as this counsel is aware, no federal agent was involved in this investigation.  Furthermore, as far as this counsel knows, this case did not involve federal wiretaps or search warrants.

This was a local state investigation which resulted in Mr. Grandberry being arrested January 25, 2010, charged in state court with possession with intent to distribute narcotics, and incarcerated without bail in County Jail. He appeared in Superior Court.  Prior to his preliminary hearing, the United States Marshal picked him up from County Jail, and transferred him to federal custody.  The United States Attorney's Office indicted Mr. Grandberry on March 16, 2010 and the state charges were dismissed.  Thereafter the United States Attorneys office filed Notice of two prior narcotics convictions under Title 21 U.S.C. §851.

The two count Indictment alleges that Mr. Grandberry:

Count One: Knowingly distributed 6.77 grams of a substance containing crack cocaine base on January 14, 2010 [the crack cocaine someone sold to Marilyn Bagley]; and,

Count Two: Knowingly possessed with intent to distribute 79.69 grams of a substance containing crack cocaine base on January 25, 2010 [the crack cocaine in the apartment, and which apparently includes the small amount in the car outside].

Count Three: possession of a pistol on January 25, 2010 [the pistol in the apartment]

If convicted of either Counts One or Two,  and the priors are proven, Mr. Grandberry would face a mandatory minimum life sentence.

/ /

/ /

## II.

## Summary of Motion

This motion challenges the searches on January 25, 2010: of the apartment, and the car outside.   It appears from the police reports provided in discovery that the Los Angeles police officers who searched the apartment, car and Mr. Grandberry did not have any warrant. Furthermore it appears that the Los Angeles police officers claim that the searches were valid parole searches, in spite of the fact that no parole officer was involved or present.

It is the defendant's position that while Mr. Grandberry was on parole on that day that these searches of the apartment and the car were not valid parole searches. More specifically this Motion alleges that the Government bears the burden of establishing that these warrantless searches were constitutional. If the government seeks to justify the searches as valid parole search it must establish that the law enforcement officers observations support a "reasonable belief that a parolee resides at that particular address."  The facts known to the undersigned do not appear to support such a finding.

If the government fails to establish the constitutionality of the searches, the physical evidence seized from the apartment, and car, as well as observations made during the searches, and all fruits of the illegal searches must be suppressed.  Without this evidence, the government could not proceed on Count's Two and Three.

## III.

## Summary of Facts[1]

The local officers from the Southwest police station of the LAPD, supposedly were acted on tip from local an anonymous citizen. That information was that the resident of the structure to the rear of 2351 W. 31st Street was selling narcotics. On January 14, 2010, Officers Mendoza and Orozco (Southwest Narcotics Enforcement

---

[1]     This summary is based on the undersigned's reading of the police reports produced in discovery unless otherwise noted.

4

1   Detail of the LAPD) surveilled the rear of 2351 W. 31st Street, and saw Marilyn
2   Bagby buy a small amount of crack cocaine in a hand-to-hand sale. Bagley got into a
3   white car and drove away, was stopped nearby, and arrested.  The crack cocaine was
4   seized.  Officer Mendoza's report written January 15 identified the man who handed
5   Marilyn Bagley the crack cocaine as a "male black,  Lambert Grandberry (DOB
6   4/02/1968)."  The report does not explain how he came to identify the seller as Mr.
7   Grandberry.  Only Marilyn Bagby was arrested on January 14 in connection with the
8   transaction.  This is the crack cocaine charged in Count One of the Indictment.

9       Eleven days after the Bagby purchase, on January 25, 2010, the second event
10  which is central to this case took place. On January 25, 2010 Mr. Grandberry was
11  arrested at 3418 South Arlington, and the searches which are the subject of this
12  motion occurred.

13      The police report written by Detective Aluotto, in connection with January 25
14  states that " we were able to located Deft. Grandberry at 3418 Arlington on several
15  occasions after the above described transaction [referring to January 14].  The reports
16  do not explain any connection between the address where Bagby's transaction was
17  observed 2351 W. 31st Street and 3418 Arlington.

18      The report goes on to say that on January 25, 2010 at 1500 hours, officers
19  Orozco and Mendoza on surveillance at 3418 ½ So. Arlington, observed Deft
20  Grandberry leave 3418 ½ So. Arlington with keys in hand. He returned ½ hour later
21  and the officers attempted to arrest him for the January 14 sale. The report states that
22  when they identified themselves Grandberry ran away, and as he ran threw a set of
23  keys into the next yard.  They caught him and arrested him. Officer Orozco got the
24  keys and told Grandberry that he knew he was on parole with a search condition and
25  was going to search his place.  This report was written after the officers had arrested
26  Mr. Grandberry taken him to the station, printed him, and booked him.

27      The report goes on to say that the officers then, using the keys, unlocked the
28  outer door and then apartment door "to conduct a parole search." There is no

indication whatsoever in the police report that the Los Angeles Police Officers had any contact with Mr. Grandberry's parole agent.  Moreover, it is apparent from the absence of any such information that the parole agent was not present at the searches on January 25.

The warrantless search of the apartment revealed:

In the South Bedroom Closet: 1 gram of crack cocaine on a plate with two razor blades, and separately 6 grams of crack cocaine, .9 grams of crack cocaine and 10.9 grams of crack cocaine;

In a Bedroom Closet: $1305

In the Kitchen: 128 grams of crack cocaine and a spoon, a scale, and a 32 ounce Pyrex container;

In the Living Room Closet: a loaded pistol

In an Undisclosed location(s):  mail addressed to Grandberry on Manhattan Place in Los Angeles, EBT cards and California Drivers Licenses.

The officers searched a car Grandberry had been driving and found 4.4 grams of rock cocaine under the driver's seat. They searched his pants pockets and found $267.

He was booked into the Southwest Station jail for violation of California Health and Safety Code §11352 possession of narcotics for sale.

**IV.**

**The Law**

**A.    Standing**

It is the defendant's position that Mr. Grandberry need not establish standing to challenge the search that took place which was not a valid parole search. Nevertheless, he does indeed have standing to challenge the searches of the apartment and car. In an abundance of caution he provides his declaration addressing standing. Exhibit 1, Declaration of Grandberry. He was an invited visitor to the apartment on

January 25, 2010 and had spent the night before there with his girlfriend. *Minnesota v. Olson*, 495 U.S. 91 (1990)(overnight guest in a hotel room or in the home of a friend has a legitimate expectation of privacy in the premises); *Minnesota v. Carter*, 525 U.S. 83, 90 (1998). As established in Mr. Grandberry's declaration he stayed the night with his girlfriend who lived there, and had stayed over before in December and before that. She had given him permission to use his car.

**B.     Warrantless Searches**

A warrantless search of a private residence is presumptively unreasonable. 4th Amendment, U. S. Constitution; *United States v. Ojeda*, 276 F.3d 486, 488 (9th Cir. 2002); *see also United States v. Lowe*, 999 F.2d 448, 451 (10th Cir. 1993) ("The warrantless search of a home is the chief evil against which . . . the Fourth Amendment is directed.") (internal quotation marks omitted). Evidence discovered because of an unreasonable warrantless search must be suppressed. *Hudson v. Michigan*, 126 S. Ct. 2159, 2163 (2006). The burden rests on the government to establish that a valid exception to the warrant requirement permitted the search.

**C.     What is Required for a Valid Parole Search?**

One exception to the warrant requirement permits warrantless searches that are authorized by valid probation or parole conditions. *Griffin v. Wisconsin*, 483 U.S. 868, 880 (1987) ("The [warrantless] search of Griffin's residence was 'reasonable' . . . because it was conducted pursuant to a valid regulation governing probationers."); see also *Morrisey v. Brewer*, 408 U.S. 471, 480 (1972) ("[Probationers do not enjoy] the absolute liberty to which every citizen is entitled, but only . . . conditional liberty properly dependent on observance of special [probation] restrictions.").

In the context of determining a parolee's "residence," probable cause is a "relatively stringent standard." *United States v. Howard*, 447 F.3d 1257, 1262 (9th Cir. 2006). The Court must evaluate the "totality of the circumstances," *United States v. Rodriguez*, 464 F.3d 1072, 1078 (9th Cir. 2006), from the perspective of a "reasonable and prudent" person, *Motley*, 432 F.3d at 1082. "[T]he facts known to the

officers at the time of the search must have been sufficient to support a belief, in a '[person] of reasonable caution,'" that the probationer lived at the residence searched. *Howard*, 447 F.3d at 1262 (*quoting Texas v. Brown*, 460 U.S. 730, 742 (1983)).

The Ninth Circuit in *Howard* reviewed decades of cases and identified four patterns amongst those cases in which courts had determined evidenced probable cause:

(1) the probationer "gave [the officers] good reason to suspect that the [probationer] was using [the searched home] as his home base";

(2) the probationer had a key to the searched residence;

(3) the probationer (or someone close to him) admitted that he resided at the searched home; and

(4) the probationer "did not appear to be residing at any address other than the one searched."

After applying these four factors, the *Howard* court, found that the officers there did *not* have probable cause, noted that the facts known to the officers failed to fit any of the four "patterns." *Id.* at 1266 ("None of these commonalities is presented by the facts of this case.").

Our case is similar to the *McAdoo* case, in which Judge Otero suppressed evidence seized in an alleged probation search after finding that it was not a valid probation search at all.   See attached Exhibit 1, Order Suppressing evidence in *United States v. Keith McAdoo,* CR 07-860-SJO, Docket No. 44 filed March 6, 2008.  In his analysis, Judge Otero concluded that the "[four *Howard*] patterns are not required elements, but cases upholding a search typically contain at least three of the *Howard* patterns. *Id.*  Judge Otero found only one of the *Howard* pattern factors present, found that the officers did not have probable cause to believe the probationer lived at the location searched and thereafter suppressed the evidence.

**D.    Argument**

The government must establish, for a valid parole search, that the police had probable cause to believe that Mr. Grandberry lived at the location searched.  The police reports reveal no information to support that Mr. Grandberry lived at the apartment searched or to support that the officers could reasonably have thought he lived at the apartment searched. To the contrary, he did not live in that apartment or any other apartment at 3418 South Arlington.  Since released on parole in about July 2009 and including through and up to his arrest January 25, 2010, he lived at 10652 South Manhattan Place, Los Angeles California. Attached Declaration of Grandberry.[2] Mr. Grandberry was an overnight visitor to the apartment building, where his girlfriend lived.

This investigation, according to the police reports, began with a tip from an "anonymous citizen" complaining of narcotics sales activity – at a location blocks away, on 31st street.  The investigating officers wrote in their report that while on surveillance in the rear of the 31st street residence, they saw the hand to hand purchase by Marilyn Bagby. The officers claim Grandberry was the man who sold the crack to her. This report identifies Grandberry by DOB: 4/2/1968.  The report does not state he is on parole or any reference to parole or probation at all.

The next report, written January 25 says they are on surveillance at 3418 South Arlington, and that the officers have seen Grandberry three on other occasions since January 14. The report does not explain the shift from the location at 31st street to Arlington. Beyond seeing Grandberry several times at Arlington, the report provides no further description of what the officers observed or where they observed him: on the sidewalk? In the yard? In the driveway? Or what if anything he was doing when observed.

While the report goes on to explain the arrest and to describe the subsequent search as a "parole search," the report provides no information about how or when the

---

[2]     Mr. Grandberry's Declaration is attached unsigned but will be signed and filed as soon as this undersigned counsel can visit Mr. Grandberry who is in custody at the MDCLA.

1   officers determined he was on parole. (It should be noted that the report is written
2   after his booking at the station that night, about 10 pm many hours after the search.)
3   The absence of any information in the reports supports at least one reasonable
4   conclusion: that the officers did not speak to Grandberry's parole officer nor contact
5   him or ask for documents or verification.

6       Had they contacted the parole officer they would have learned that Mr.
7   Grandberry lived on Manhattan Place at the address that Mr. Grandberry provides in
8   his declaration, not in the apartments at 3816 Arlington. Declaration of Bednarski.

9       Once the police apprehended Mr. Grandberry and identified and booked him,
10  they could easily learn he was on parole.  However, if they learned of his parole status
11  after the fact, such an after the fact justification could not be used to validate an earlier
12  warrantless search as a "parole" search.

13                                  **V.**
14                              **Conclusion**

15      If the government fails to establish a valid parole search or other exception to
16  the warrant requirement, the evidence seized from the apartment and after that from
17  the vehicle and any observations made during those searches, and all fruits of the
18  illegal searches must be suppressed.

19                          Respectfully submitted,

20                          KAYE, McLANE & BEDNARSKI, LLP

21  DATED: June 14, 2010        By_____/S/_____

22                              MARILYN E. BEDNARSKI
23                              Attorneys for L.  Grandberry

## DECLARATION OF MARILYN E. BEDNARSKI

I, MARILYN E. BEDNARSKI, hereby state and declare as follows:

1.      I am counsel of record for Lambert Grandberry in the above entitled matter.

2.      My recitation of facts herein, for the purpose of framing the issue in this Motion, is based upon my reading of the police reports described in discovery. I believe that I have fairly and accurately done so.

3.      I have drafted my client's declaration in good faith and while it is now unsigned I believe that it is accurate and as soon as I can visit my client at the MDCLA will either obtain his signature or correct any mistake and the file a signed declaration.

4.      Deputy Federal Public Defender Yonan advised me that she spoke with the parole officer and he advised that the police did not contact him about whether Mr. Grandberry was on parole, and never contacted him to ask where he lived. Ms. Yonan advised me that the parole officer told her that Mr. Grandberry's residence address was on Manhattan Place and that he had visited him there while supervising him on parole.

5.      I obtained the Order suppressing evidence in the McAdoo case from PACER and exhibit 1 is a complete and accurate copy of the order filed on PACER.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.  Executed this 14th day of June 2010 at Pasadena, Ca.

_____/S/_____

MARILYN E. BEDNARSKI
Attorney for Lambert Grandberry